The Kantrow Law Group, PLLC
Proposed Attorneys for the Debtor and Debtor-in-Possession
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com
Fred S. Kantrow, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

        Chapter 11

   DMFYD LIC LLC,        Case No.: 24-44740-jmm

                Debtor.
---------------------------------------------------------------X

## DEBTOR'S LOCAL RULE 1007-4 AFFIDAVIT

STATE OF NEW YORK    )
                        )
COUNTY OF SUFFOLK    )

Scott Barone, being duly sworn, deposes and states as follows:

I am the managing member of DMFYD LIC LLC ("DMFYD LIC" and/or the "Debtor"). As such I have personal knowledge of the statements contained herein.

1.    The Debtor is the owner of a "ground lease" (the "Lease") entered into by and between the Debtor and the New York City Industrial Development Agency (the "IDEA") in connection with the property commonly referred to as 9-21 44th Road, Long Island City, New York. It is also referred to as Block 451 Lot 1 in Queens County. This property is also known as 9-03 44th Road, Long Island City, New York. The IDEA Lease was entered into on or about December 1, 2017, and has a term of 99 years.

2.    In addition to the Lease, the Debtor is the owner of a newly constructed, 87,000 square foot, 3-story, multi-tenanted, M1-4 zoned, industrial building.

3.    This case was not commenced under any other chapter of the Bankruptcy Code.

4.    No committee was formed prior to the filing for relief.

5. Attached is a list of those creditors holding the twenty (20) largest unsecured claims, excluding claims of any insiders.

6. Prior to the commencement of the bankruptcy case, the Debtor was obligated to Metropolitan Commercial Bank ("MCB") which holds a security interest pursuant to a note and mortgage granted by the Debtor. The mortgage is a leasehold and sub-leasehold mortgage. The amounts due and owing to MCB are approximately $17,000,000. While the note expired on its own terms, MCB will enter into a modification and extension agreement which shall be subject to approval by this Court.

7. In addition to the amounts due MCB, an entity known as CPIF PE I, LLC, became a preferred investor (the "Preferred Investor") pursuant to an agreement it entered into with the Debtor, however, indirectly. The Preferred Investor asserts that it is owed approximately $17,461,734.94, which amount continues to accrue interest. The Preferred Investor holds no security interest in either the Lease or the building referred to herein. It does however, hold a UCC recorded in New York against an entity related to this Debtor, to wit: DMFYD II LLC, which is also a debtor before this Court. According to the UCC-1 filed as against DMFYD II LLC, CPIF PE I, LLC, states that it is secured in all of the equity interests in DMFYD Holding LLC, also a debtor before this Court.

8. To better understand the financial arrangement entered into by the Preferred Investor and the Debtor, the Court should note that DMFYD II LLC is the 100% owner of DMFYD Holding LLC and DMFYD Holding LLC is the 100% owner of this Debtor. Whether the Preferred Investor is a creditor of this estate is unknown at this time. The Debtor believes that the Preferred Investor is just that, an investor. However, by letter dated November 13, 2024, and directed by the Preferred Investor's counsel to those parties who are alleged to have personally guaranteed

obligations to the Preferred Investor, the Preferred Investor referred to itself as the "lender" and DMFYD Holding LLC as the "borrower." The Debtor denies this characterization.

9. In addition to the November 13, 2024, letter described herein, prior to the Petition Date, the Preferred Investor, by its counsel, advised the Debtor and the related debtor entities, that pursuant to the Operating Agreement, due to alleged defaults, the Preferred Investor took over the management of the entities. Moreover, the Preferred Investor commenced an action in the Chancery Court of the State of Delaware, seeking, among other things, a "status quo" which would be the same as a restraining order. The Debtor filed this case, as well as the related entities cases, in order to protect the valuable assets for the benefit of all creditors rather than to allow the Preferred Investor to "lockup" the assets for its benefit and to the detriment of all of the other creditors.

10. The Debtor's assets consist of the Lease and the industrial building. The Debtor estimates that these assets have a value of approximately $30 million.

11. There are no shares of the Debtor that are publicly held.

12. There is no property of the Debtor in the custody or possession of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agency for any such entity.

13. The Debtor operates its business from its office location of 1044 Northern Boulevard, Suite 305, Roslyn, New York.

14. The Debtor's books and records are located at its office,

15. The Debtor's senior management includes Scott Barone who runs the day-to-day operations of the Debtor. He has been with the Debtor since its inception.

16. The Debtor does not have employees.

17. The Debtor estimates that receipts for the thirty (30) day period immediately after the Petition Date is $260,000.00 and disbursements will be approximately $224,000.00.

Dated: Smithtown, New York
November 18, 2024

                                              S/Scott Barone
                                              Scott Barone
                                              Managing Member

Sworn to before me on this
18th day of November 2024

S/Fred S. Kantrow
Fred S. Kantrow
Notary Public State of New York
Qualified in Suffolk County
No. 02KA 6429827
Comm. Exp. 02/28/26